


KOH/KNO: USAO2014R354

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. DKC 14cr318 |
| | * | |
| KATHERINE NOELLE NASH, | * | (Sexual Exploitation of a Minor |
| | * | for the Purpose of Producing |
| Defendant | * | Child Pornography, 18 U.S.C. |
| | * | § 2251(a); Transportation of Child |
| | * | Pornography, 18 U.S.C. § 2252A(a)(1); |
| | * | Possession of Child Pornography, |
| | * | 18 U.S.C. § 2252A(a)(5)(B); Forfeiture, |
| | * | 18 U.S.C. § 2253, 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

Between in or about May 2012 and in or about September 2012, in the District of Maryland and elsewhere, the defendant,

**KATHERINE NOELLE NASH,**

did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing a visual depiction of such conduct, and the visual depiction had been produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, the defendant produced a visual depiction of a minor engaged in sexually explicit conduct, specifically a video of a 5-year-old female, Victim 1, that depicts the defendant digitally penetrating the vagina of Victim 1.

18 U.S.C. § 2251(a)

## COUNT TWO

The Grand Jury for the District of Maryland further charges that:

Between in or about May 2012 and in or about September 2012, in the District of Maryland and elsewhere, the defendant,

### KATHERINE NOELLE NASH,

did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing a visual depiction of such conduct, and the visual depiction had been produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, the defendant produced a visual depiction of a minor engaged in sexually explicit conduct, including but not limited to five images depicting the defendant touching the exterior of Victim 1's vagina.

18 U.S.C. § 2251(a)

## COUNT THREE

The Grand Jury for the District of Maryland further charges that:

Between on or about September 8, 2013 and on or about September 9, 2013, in the District of Maryland and elsewhere, the defendant,

### KATHERINE NOELLE NASH,

did knowingly transport child pornography, as defined in Title 18, United States Code, Section 2256(8), using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer.

18 U.S.C. § 2252A(a)(1)

## COUNT FOUR

The Grand Jury for the District of Maryland further charges that:

On or about October 23, 2013, in the District of Maryland and elsewhere, the defendant,

**KATHERINE NOELLE NASH,**

did knowingly possess any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which image had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

18 U.S.C. § 2252A(a)(5)(B)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of the offenses set forth in Counts One through Four of the Indictment, in violation of 18 United States Code, Sections 2251(a) and 2252A, the defendant,

**KATHERINE NOELLE NASH,**

shall forfeit to the United States of America:

    a. Any visual depiction described in Title 18, United States Code, sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses, including but not limited to: a Toshiba Satellite laptop computer, bearing serial number 8B120776Q; and a Toshiba Satellite laptop computer, bearing serial number 3D218732Q.

2. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been comingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated in Title 18, United States Code, Section 2253(b).

18 U.S.C. § 2253

*Rod J. Rosenstein* /kott/
ROD J. ROSENSTEIN
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

6/25/2014
Date

6