

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

| | | | |
|---|---|---|---|
| *Kelly Hayes* | *Mailing Address:* | *Office Location:* | *DIRECT: 301-344-0041* |
| *Assistant United States Attorney* | *6500 Cherrywood Lane, Suite 200* | *6406 Ivy Lane, 8th Floor* | *MAIN: 301-344-4433* |
| *Kelly.Hayes@usdoj.gov* | *Greenbelt, MD 20770-1249* | *Greenbelt, MD 20770-1249* | *FAX: 301-344-4516* |

January 12, 2015

Honorable Deborah K. Chasanow
United States District Judge
District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

      Re:    United States v. Katherine Noelle Nash
              <u>Criminal No. DKC-14-318</u>

Dear Judge Chasanow:

      I write in response to the Defendant's letter in support of sentencing dated January 7, 2015 ("Jan. 7 Letter"). In her letter, the Defendant objects to the third, fifth, seventh, and final proposed conditions of supervised release recommended by the U.S. Probation Office, as set forth in the Presentence Report. The Government responds as follows.

      The Government respectfully submits that the third proposed conditions restricting the Defendant's use of computers and other electronic devices "without the prior written approval of the U.S. Probation or Pretrial Services Officer" is reasonable and should be imposed by the Court. This condition explicitly permits the U.S. Probation Officer to approve the use of computers and devices as necessary—and such approval is routinely granted—which alleviates the Defendant's concerns that such a restriction will "significantly impact Ms. Nash's ability to find work and/or conduct daily activities." (Jan. 7 Letter at 7.) However, this provision also allows the U.S. Probation Officer to reasonably restrict and monitor the Defendant's use of a computer or electronic device, which is necessary given that the Defendant used a computer to access and distribute child pornography, as well as to produce child pornography, as set forth in her plea agreement.

      Regarding the Defendant's objections to the fifth condition, the Government submits that the condition should read as follows: "The defendant shall participate in a sex offender treatment program, as directed by the U.S. Probation Officer. The defendant shall follow the rules and regulations of the sex offender treatment program as directed by the probation office." This modification eliminates the specific diagnostic and treatment provisions, while allowing the probation office to determine the treatment which will best serve the Defendant.

      The Government objects to the Defendant's proposed modification to the condition restricting the Defendant's contact with "persons under the age of 18, unless approved by the U.S. Probation Officer," by explicitly allowing the Defendant to have contact with three of her

children.  Jan. 7 Letter at 8.  Given the nature of the Defendant's offense, it is necessary for the Court to restrict the Defendant's contact with her four children, as well as unrelated children.  Furthermore, the condition allows for the probation office to approve contact with her children after proper evaluation.  If the probation office determines that the proposed exception is appropriate, the condition provides the probation office with the discretion to approve such contact.  The Government, however, does not object to the Defendant's proposed modification regarding the prohibited places to clarify what qualifies as "other places frequented by children under the age of 18."

Finally, the Government submits that the final condition restricting the Defendant's access to materials "depicting and/or describing sexually explicit conduct" is reasonably necessary given the Defendant's background and the nature of this offense.  A restriction merely prohibiting the Defendant's access to child pornography is redundant, *see* Jan. 7 Letter at 9, as such conduct would be considered a violation of federal, state, or local law.  If the Court determines that the restriction is overly broad, the Government proposes modifying the restriction to clarify that the Defendant shall not have access to adult or child pornography.

In addition, the Government has learned that the Defendant's mother and the victim's father will be present and may wish to testify at the sentencing hearing scheduled for today, January 12, 2015 at 2:00 pm.

    Very truly yours,

    Rod J. Rosenstein
    United States Attorney

By:  ____/s/_____
    Kelly O. Hayes
    Assistant United States Attorneys